IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| GENE GOMILLION, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:12-CV-239-WKW [WO] |
| | ) | |
| ALLSTATE INDEMNITY COMPANY, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

Defendant Allstate Indemnity Company, joined by Defendant Lisa Barkley, removed this action from the Circuit Court of Montgomery County, Alabama, pursuant to 28 U.S.C. §§ 1332(a), 1441, and 1446. In the removal petition, Ms. Barkley, the sole non-diverse defendant, contends that she was fraudulently joined because there is no possibility that Plaintiffs can establish a cause of action against her. Ms. Barkley also filed a motion to dismiss for failure to state a claim. (Doc. # 4; *see* Fed. R. Civ. P. 12(b)(6).) Plaintiffs Gene and Donna Gomillion and Elsielene Covin responded by filing a motion to remand. (Doc. # 9.) Having considered the motions and the relevant law, the court finds that Plaintiffs' motion to remand is due to be granted. That ruling makes it unnecessary for the court to rule on the Rule 12(b)(6) motion.

## I. STANDARD OF REVIEW

"[F]ederal courts have a strict duty to exercise the jurisdiction that is conferred upon them by Congress." *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 716 (1996). However, "[f]ederal courts are courts of limited jurisdiction." *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994); *see also Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375 (1994). Thus, with respect to cases removed to this court pursuant to 28 U.S.C. § 1441, the law of the Eleventh Circuit favors remand where federal jurisdiction is not absolutely clear. "[R]emoval statutes are construed narrowly; where plaintiff and defendant clash about jurisdiction, uncertainties are resolved in favor of remand." *Burns*, 31 F.3d at 1095. "In evaluating a motion to remand, the removing party bears the burden of demonstrating federal jurisdiction." *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 n.4 (11th Cir. 1998) (citing *Pacheco de Perez v. AT&T Co.*, 139 F.3d 1368, 1373 (11th Cir. 1998)).

Even if complete diversity is lacking "on the face of the pleadings," a defendant may remove "an action . . . if the joinder of the non-diverse party . . . [was] fraudulent." *Triggs*, 154 F.3d at 1287 (citing *Tapscott v. MS Dealer Service Corp.*, 77 F.3d 1353, 1355 (11th Cir. 1996)). The action is removable because "[w]hen a plaintiff names a non-diverse defendant solely in order to defeat federal diversity jurisdiction, the district court must ignore the presence of the non-diverse defendant."

*Henderson v. Wash. Nat'l Ins. Co.*, 454 F.3d 1278, 1281 (11th Cir. 2006). "Fraudulent joinder is a judicially created doctrine that provides an exception to the requirement of complete diversity." *Triggs*, 154 F.3d at 1287. The Eleventh Circuit has recognized three situations in which joinder may be deemed fraudulent: (1) when there is no possibility that the plaintiff can prove a cause of action against the resident (or non-diverse) defendant; (2) when there is outright fraud in the plaintiff's pleading of jurisdictional facts; and (3) when there is no real connection to the claim and the resident (or non-diverse) defendant. *Id.*

As to the first type of fraudulent joinder, the only type at issue here, "[t]he plaintiff need not have a winning case against the allegedly fraudulent defendant; he need only have a possibility of stating a valid cause of action in order for the joinder to be legitimate." *Triggs*, 154 F.3d at 1287. The "potential for legal liability must be reasonable," however, "not merely theoretical." *Legg v. Wyeth*, 428 F.3d 1317, 1325 n.5 (11th Cir. 2005) (citation and internal quotation marks omitted). Alternatively stated, a district court "is correct to deny the motion to remand only if there was no possibility that [the plaintiff] could have maintained a cause of action . . . in Alabama state court." *Henderson*, 454 F.3d at 1281–82. The court's "task is not to gauge the sufficiency of the pleadings in this case. [The] inquiry is more basic: [The court] must decide whether the defendants have proven by clear and convincing evidence

3

that no Alabama court could find this complaint sufficient . . . ." *Id.* at 1284.

"[T]he determination of whether a [non-diverse] defendant has been fraudulently joined must be based upon the plaintiff's pleadings at the time of removal, supplemented by any affidavits and deposition transcripts submitted by the parties." *Legg*, 428 F.3d at 1322 (quoting *Pacheco de Perez*, 139 F.3d at 1380). "The proceeding appropriate for resolving a claim of fraudulent joinder is similar to that used for ruling on a motion for summary judgment under [Federal Rule of Civil Procedure 56]." *Id.* at 1322–23. Accordingly, all contested issues of substantive fact and any uncertainties as to the current state of the law must be resolved in the plaintiff's favor. *See id.* at 1323; *see also Cabalceta v. Standard Fruit Co.*, 883 F.2d 1553, 1561 (11th Cir. 1989).

## II.  FACTUAL AND PROCEDURAL BACKGROUND

On December 31, 2008, Plaintiffs' house burned down, getting their new year off to a less than auspicious start. This suit arises from the dispute between Plaintiffs and their insurance company, Allstate, over the denial of an insurance claim for the loss of the dwelling. Plaintiffs allege that the covered loss is over $900,000. Allstate denied the insurance claim due to the suspicion that it was caused by arson, and thus, was not covered under the policy. Plaintiffs brought claims of breach of contract, bad faith, negligence, wantonness, and misrepresentation against Allstate and Ms. Barkley,

the claims adjuster who handled the claim and investigated the fire.  The facts in support of these claims largely pertain to Defendants' misconduct in investigating and processing the claim, and denying the claim on an improper basis.  Additionally, Plaintiffs allege that Defendants "spoiled the scene by removing debris and pressure-washing the concrete floor, thus preventing the Plaintiffs from commissioning their own investigation to rebut the allegation [of arson as the cause of the fire]."  (Compl. ¶ 9.)  The significance of this allegation will be addressed further along.

The Gomillions and Ms. Covin were Alabama residents at the time of this fire.  Ms. Barkley is also an Alabama resident.  It is not contested that Plaintiffs and Ms. Barkley are Alabama citizens, and that Allstate is a citizen of Illinois.  Defendants timely removed this action to federal court pursuant to 28 U.S.C. §§ 1441(a) and 1446(b), asserting that there is complete diversity of citizenship between Plaintiffs and Allstate and that the amount in controversy exceeds $75,000.  *See* § 1332(a).

Although both Plaintiffs and Ms. Barkley are Alabama citizens, Ms. Barkley and Allstate contend that she was fraudulently joined, that her citizenship should be disregarded for purposes of removal, and that she should be dismissed from the case.  Ms. Barkley also filed a motion to dismiss for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  Ms. Barkley argues that there is no possibility of establishing a cause of

action against her because Alabama does not recognize causes of action against insurance adjusters for bad faith, negligent, wanton, or fraudulent handling of claims. In response to the removal and the motion to dismiss, Plaintiffs timely filed a motion to remand, arguing that removal was improper because there is not complete diversity of citizenship and Ms. Barkley was not fraudulently joined. Plaintiffs emphasize that they have alleged in their Complaint that Ms. Barkley was sued for "various cause[s] of action[, which] also include negligence." (Doc. # 9 at 5.)

### III. DISCUSSION

Plaintiffs' motion to remand largely fails to address the arguments made by Defendants in the removal from the circuit court.[1] Rather than address the legal and procedural defects raised by Defendants, Plaintiffs cursorily gloss over the arguments and instead cite general principles of agency and negligence law. Plaintiffs fail to distinguish any of the Alabama case law that forecloses claims against individual adjustors, who are non-parties to an insurance agreement, from being liable for performance of that agreement. *See Kervin v. So. Guar. Ins. Co.,* 667 So. 2d 704, 706 (Ala. 1995); *Ligon Furniture Co. v. O.M. Hughes Ins., Inc.*, 551 So. 2d 283, 285-86 (Ala. 1989). Additionally, Plaintiffs' Complaint does not allege that Ms. Barkley

---

[1] Much of the Motion to Remand addresses alleged procedural defects with the notice of removal and whether it was joined by Ms. Barkley. This argument is meritless because the removal was signed by counsel of record for Ms. Barkley, after expressly stating the removal was filed on her behalf. (Doc. # 1 at 1.)

made any kind of statement to Plaintiffs, much less one that could serve as the basis of a fraud or misrepresentation claim. These claims provide an insufficient basis to maintain Ms. Barkley as a defendant in this action.

Nevertheless, Plaintiffs argue that the Complaint supports a theory of negligence against Ms. Barkley. Ms. Barkley is alleged to have engaged in conduct that was separate from the claim adjustment, but sufficiently related to be tied into this case: participating in the removal of debris from the house and pressure-washing the concrete floor of the dwelling. Plaintiffs claim that Ms. Barkley's post-fire conduct spoiled evidence and prevented them from commissioning their own investigation, thus prejudicing their ability to contest Allstate's findings of arson. Alabama recognizes a negligence claim for spoliation of evidence. *See Killings v. Enterprise Leasing Co.,* 9 So. 3d 1216, 1221 (Ala. 2008) (citing *Smith v. Atkinson*, 771 So. 2d 429, 432 (Ala. 2000)). Plaintiffs may have pled this cause of action inadvertently, because this specific theory was not made explicit in the motion to remand. However, in the Complaint, Plaintiffs alleged that Ms. Barkley was liable for negligence, and they also provided and incorporated facts that would support a theory of negligence against her.

While this is not necessarily a strong claim or perhaps even the negligence claim Plaintiffs were contemplating, the court may deny the motion to remand "only

if there was *no possibility* that [the plaintiff] could have maintained a cause of action . . . in Alabama state court." *Henderson*, 454 F.3d at 1281–82. Because there is at least a possibility of Plaintiffs maintaining a cause of action against Ms. Barkley for negligence due to her participation in the spoilation of evidence, this case is due to be remanded.

### IV.  CONCLUSION

For the foregoing reasons, it is ORDERED that Plaintiffs' motion to remand (Doc. # 9) is GRANTED, and this action is REMANDED to the Circuit Court of Montgomery County, Alabama. The Clerk of the Court is DIRECTED to take appropriate steps to effect the remand.

DONE this 6th day of August, 2012.

                                                      /s/ W. Keith Watkins  
                                      CHIEF UNITED STATES DISTRICT JUDGE